IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSE C. MARTINEZ, JR.,

        Petitioner/Defendant        Case No. 3:05 CR 781

        -vs-        <u>MEMORANDUM OPINION</u>

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

KATZ, J.

    Petitioner, Jose A. Martinez, Jr., has filed a motion under 22 U.S.C. § 2255 to vacate, set aside or correct his sentence. He raises four claims: three claims of ineffective assistance of counsel and one claim that the Government failed to meet its burden of proof on all elements of the offenses of which Petitioner was convicted. The Court has reviewed Petitioner's motion as filed and the opposition filed by the Government and will deny Petitioner's motion in all respects.

**BACKGROUND**

    The Government's brief outlines fully the details of the background of this case, including, but not limited to, the operations of the conspiracy of which Petitioner was convicted and the various aspects of the case to this point. That includes the fact that the Petitioner was convicted of multiple counts at a jury trial which commenced May 9, 2006. He was found guilty of counts 1, 35, 40, 48, 49 and 50 with a special finding that he possessed with intent to distribute at least 5 kilograms of cocaine.

    At sentencing he was determined by this Court to have a base offense level of 32 (the Probation Officer writing the PSR had found a total offense level of 40 and a Criminal History

I), and applied a four level enhancement for his leadership role. That resulted in a Guideline Range of 188 - 235 months and the Court sentenced Petitioner to 220 months imprisonment on count 1 and 48 months each on the remaining 5 counts as to which he was convicted, all to be served concurrently.

Petitioner appealed his conviction to the Sixth Circuit Court of Appeals which affirmed this Court's actions, including the denial of Petitioner's motion to sever and "procedural errors".

On October 28, 2012 Mr. Martinez filed this motion and raised three claims of ineffective assistance of counsel and a fourth claim that the Government failed to meet its burden of proof at trial for every element of the offenses for which he was convicted. The Government has extensively outlined the law with respect to Section 2255 motions and ineffective assistance of counsel claims within its memorandum in opposition to the motion.

## DISCUSSION

This Court has determined that the argument set forth in the Government's memorandum in opposition beginning at the bottom of page 6 and continuing to the end of its memorandum, sufficiently outlines the arguments which drive the Court to deny all of the allegations asserted by the Petitioner. Having presided at all relevant hearings with respect to this case and the trial, the Court can find no instance of ineffective assistance of counsel or denial by this Court of any rights which would give rise to the granting of a motion pursuant to Section 2255. To belabor the points addressed by the Government would be a waste of judicial resources. As indicated, the Court has read Mr. Martinez' memorandum and the Government's and the affidavit of trial counsel attached to the latter. The Government's memorandum is replete with analysis and case

citations supporting both analysis and conclusions. Anything further by the Court would be repetitive and superfluous.

Based on the forgoing and in particular the memorandum of the Government, this Court denies in full Petitioner's motion pursuant to Section 2255.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE